**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCHOOL OF THE ART INSTITUTE OF CHICAGO, JOHN PHILLIPS, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, and BETH WRIGHT,<br><br>　　　　　Defendants. | No. 1:18-cv-04240<br><br>Honorable Andrea R. Wood |

**JOINT INITIAL STATUS REPORT OF PLAINTIFF DOE AND THE SAIC DEFENDANTS**

Plaintiff Jane Doe ("Plaintiff") and Defendants School of the Art Institute of Chicago ("SAIC"), Lisa Wainwright, Amanda DaSilva, Michael Nicolai, and Beth Wright (collectively, the "SAIC Defendants"), through their respective attorneys and pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Standing Order, submit the following joint initial status report in advance of the status conference set for September 13, 2018 at 9:00 a.m.

**1.　Nature of the Case**

　　Plaintiff is represented by Heidi Karr Sleper of Kurtz Law Offices, Ltd. in Hinsdale, Illinois. Heidi Karr Sleper is the lead trial attorney.

　　The SAIC Defendants are represented by Scott L. Warner, Ellen M. Babbitt, and Gwendolyn B. Morales of Husch Blackwell LLP in Chicago Illinois. Scott Warner is the lead trial attorney.

　　Defendant John Phillips has not yet been served. Plaintiff will be filing a Motion for Alternative Service as reasonable efforts to make service have been unsuccessful.

　　This Court has federal question jurisdiction over Plaintiff's claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, and Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12182. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 20 U.S.C. § 1367.

Although not alleged in the Complaint, Plaintiff asserts that the Court also has diversity jurisdiction as the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Massachusetts and the SAIC Defendants are, upon information and belief, citizens of Illinois or another state other than Massachusetts.

The Complaint includes claims for alleged violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. (Counts II-VI); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. (Count XIV); and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (Count XV). The Complaint also includes state law claims under the following statutes/theories: Illinois Gender Violence Act, 740 ILCS 82/*et seq*. (Count I); Intentional Infliction of Emotional Distress (Count VII); Willful and Wanton Conduct (Count VIII); Failure to Supervise (Count IX); Negligent Infliction of Emotional Distress (Count X); Negligence (Count XI); Negligent Retention (Count XII); and Negligent Failure to Control Conduct of Phillips (Count XIII).

The Complaint seeks compensatory damages, injunctive relief, a declaratory judgment, punitive damages, and attorneys' fees.

The principal legal issues in this case include but are not limited to: (1) whether the SAIC Defendants are liable to Plaintiff under Title IX under a theory of intentional discrimination, deliberate indifference/hostile environment, quid pro quo discrimination, discriminatory policies, and/or retaliation; (2) whether the SAIC Defendants discriminated against Plaintiff based on her disability; (3) whether the SAIC Defendants are liable for alleged violations of the Illinois Gender Violence Act; and (4) whether the SAIC Defendants are liable for negligence, negligent infliction of emotional distress, negligent retention, negligent failure to control conduct of Phillips, willful and wanton conduct, and/or intentional infliction of emotional distress.

The principal factual issues in this case include but are not limited to: (1) whether the SAIC Defendants had actual knowledge of any sexual harassment by Phillips against Plaintiff or students other than Plaintiff; (2) whether the SAIC Defendants performed a prompt, adequate, and impartial investigation of allegations made by Plaintiff or any other students against Phillips; (3) whether SAIC's policies in place during the relevant time complied with Title IX; and (4) whether Plaintiff suffered any injury or damages as the result of the SAIC Defendants' alleged conduct, and if so, the extent of Plaintiff's injury or damages.[1]

---

[1] The legal and factual issues identified do not include any legal or factual issues specific to the claims against John Phillips, as the undersigned attorneys for the SAIC Defendants do not represent Mr. Phillips in this matter.

2. **Mandatory Initial Discovery Pilot Project**

   Counsel for Plaintiff and the SAIC Defendants have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.

   Under the Standing Order, the due date for Plaintiff and the SAIC Defendants' mandatory initial discovery response is October 29, 2018, and the current due date for the parties' production of ESI is December 10, 2018. As set forth in Section 3, the parties propose a phased approach to ESI discovery.

   The parties conducted an initial discovery planning conference on August 16, 2018 for purposes of preparing this report. Because the current deadline for the initial mandatory discovery disclosures is October 29, 2018, the parties have not yet discussed the mandatory initial discovery responses in detail but plan to do so following the initial status hearing in this matter, which is set for September 13, 2018.

3. **Case Plan**

   Plaintiff anticipates filing a motion to proceed under a pseudonym, if required by the Court. The SAIC Defendants do not oppose Plaintiff's request to proceed under a pseudonym.

   The SAIC Defendants anticipate filing a motion to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6). The anticipated bases for the motion are: (1) Plaintiff's Title IX, Section 504 and ADA claims against the individual SAIC Defendants fail to state a claim because there is no individual liability under those statutes; (2) Plaintiff fails to state a claim for violation of Title IX against SAIC pursuant to the multiple theories alleged in the Complaint; (3) Plaintiff lacks standing to pursue her ADA claim because she is not entitled to the injunctive relief she seeks and is not entitled to any other form of relief; (4) Plaintiff fails to state a claim for violation of Section 504 and Title III of the ADA against SAIC; (5) the Court should not exercise supplemental jurisdiction over the state law claims alleged in Counts I and VII-XIII of the Complaint; (6) Plaintiff fails to state a claim against the SAIC Defendants under the Illinois Gender Violence Act or for intentional infliction of emotional distress, willful and wanton conduct, failure to supervise, negligent infliction of emotional distress, negligence, negligent retention, or negligent failure to control conduct of Phillips; (7) some of Plaintiff's claims are barred by the applicable statute of limitations, in whole or in part; and (8) Plaintiff's claims for punitive damages are barred in whole or in part.

   Plaintiff denies that the SAIC Defendants have a valid basis in law or fact to file a motion to dismiss.

   The parties propose the following discovery plan:

   (i) The following types of discovery are anticipated: interrogatories and requests to admit; production of documents and electronically stored information; depositions; and expert discovery.

(ii)    Discovery will encompass ESI. Because counsel for the SAIC Defendants and Plaintiff both expect that this case will involve a significant amount of ESI and in light of the SAIC Defendants' anticipated motion to dismiss, the parties propose a phased approach to ESI production. The parties propose that during the time the SAIC Defendants' motion to dismiss is pending, they engage in discussions regarding their respective electronic systems and potential custodians and search terms in accordance with the Seventh Circuit's Pilot Program on Electronic Discovery, in order to prepare for ESI discovery, with the understanding that the processes of gathering, reviewing, and producing relevant ESI would take place after the Court's resolution of the SAIC Defendants' motion. The parties propose this phased approach because the Court's resolution of the SAIC Defendants' motion could significantly alter the scope of ESI that will be at issue, and the parties both wish to minimize the burden and expense of ESI discovery by engaging in the process once the scope of discovery is clarified.

A phased approach to ESI discovery will also not unduly delay the litigation. The parties anticipate that they will be able to complete their mandatory initial discovery responses by the October 29, 2018 deadline, including non-ESI documents currently within their possession and control. This document production will include relevant documents from SAIC's document production to the Department of Education's Office for Civil Rights ("OCR") in connection with Plaintiff's complaint to that office, which involves the same underlying facts as this action. SAIC's prior production to the OCR consisted of more than 1,000 pages of documents that it identified as key documents relevant to Plaintiff's claims.

(iii)   The parties anticipate moving for entry of a joint stipulated confidentiality order. The parties may also consider moving for entry of a joint stipulated Rule 502(b) order.

(iv)    N/A

(v)     As noted, the parties propose a phased approach to ESI given the SAIC Defendants' anticipated motion to dismiss. Plaintiff's counsel will also be engaged in three back-to-back trials from October through December 2018. While the parties intend to move forward in good faith with initial fact discovery, given the SAIC Defendants' anticipated motion, Plaintiff's counsel's schedule, and the fact that the parties expect that this case will involve a significant amount of ESI, the parties suggest a deadline in the range of ten months to one year to complete fact discovery.

(vi)    The parties currently anticipate that they will engage in expert discovery. They suggest exchanging initial Rule 26(a)(2) disclosures within 30 days of the close of fact discovery, and disclosures of rebuttal witness within 30 days of the other party's disclosure. The parties do not believe that a deadline for expert depositions is reasonably ascertainable at this stage.

(vii)   At this time, the parties do not anticipate any changes.

(viii)  Pursuant to the Standing Order, the parties will serve supplemental discovery responses no later than 60 days before the final pretrial conference or 90 days before trial.

(ix)    The parties suggest filing any dispositive motions within 60 days of the close of all discovery.

Plaintiff has made a jury demand. The parties estimate a trial in this matter would last one to two weeks.

**4.    Settlement**

The parties have engaged in preliminary settlement discussions. Plaintiff anticipates providing a settlement demand to Defendants prior to the Court status on September 13, 2018.

The Parties will report on whether they believe that a settlement conference would be productive at the September 13, 2018 status.

**5.    Consent to Proceed Before a Magistrate Judge**

Counsel for Plaintiff and the SAIC Defendants have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent to that procedure.

Date:  September 6, 2018                                        Respectfully submitted,

*/s/ Heidi Karr Sleper*                                                 /s/ Gwendolyn B. Morales

Heidi Karr Sleper                                                    Scott L. Warner (#6231380)
hsleper@kurtzlaw.us                                              Scott.Warner@Huschblackwell.com
Kurtz Law Offices, Ltd.                                          Gwendolyn Morales (#6297233)
32 Blaine Street                                                      Gwendolyn.morales@huschblackwell.com
Hinsdale, IL  60521                                               Husch Blackwell LLP
(630) 323-9444                                                      120 South Riverside Plaza, Suite 2200
                                                                               Chicago, IL  60606
Attorney for Plaintiff                                             (312) 526-1633


                                                                               Attorneys for the SAIC Defendants

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 11, 2018, she electronically filed the foregoing JOINT INITIAL STATUS REPORT with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following attorney:

Heidi Karr Sleper
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone: (630) 323-9444
Email: hsleper@kurtzlaw.us

/s/ Gwendolyn B. Morales