UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| v. | No. 18 CV 4240 |
| SCHOOL OF THE ART INSTITUTE OF CHICAGO, JOHN PHILLIPS, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, and BETH WRIGHT | Judge Andrea R. Wood<br><br>Magistrate Judge Daniel G. Martin |
| Defendants. | |

**MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE**

Plaintiff, Jane Doe, hereby applies to this Court for an Order pursuant to Federal Rule of Civil Procedure 4(e)(1) authorizing alternative service upon Defendant John Phillips by means of (a) posting the summons and complaint upon the entry door to the apartment building in which Defendant resides, (b) mailing a copy of the summons and complaint to Defendant's residential address, (c) emailing the summons and complaint to Defendant's email address, an/or (d) by publication in the Chicago Tribune/Chicago Sun Times newspapers, and in support thereof states:

**PLAINTIFF'S DILIGENT EFFORTS TO SERVE DEFENDANT PHILLIPS**

1. Defendant Phillips has actual knowledge of this litigation as he has discussed the case with reporters for the Chicago Sun Times. (*See* Exhibit 1, Sun Times article).

2. Upon Plaintiff's best known information and belief, Defendant John Phillips resides at 1742 Haddon Avenue, apartment 5 in Chicago, Illinois. (*See* Exhibit 2, Attorney Sleper Affidavit).

3. Plaintiff's counsel confirmed this information as his last known address with the SAIC Defendants' counsel and Mr. Phillips' previous attorney. (*Id*.)

4. Plaintiff has attempted to obtain personal service upon Defendant Phillips by means of a process server (Exhibit 3, Affidavit of Richard Remus). However, service upon Defendant Phillips has not yet been effectuated.

5. The building in which Mr. Phillips resides is a secure building and requires that visitors be allowed entry or access by one of the residents by means of a buzzer, which unlocks the main, secure door to the building. (*See* Exhibit 2.)

6. The affidavit of the process server (*see* Exhibit 3), establishes that on July 30, 2018, Mr. Remus went to Mr. Phillips' last known address of 1742 Haddon Avenue in Chicago, Illinois in an attempt to serve him with process in this matter.

7. Again on August 3, 2018 Mr. Remus waited in the area of Mr. Phillips' residence for several hours in an attempt to locate and serve Mr. Phillips. *Id*.

8. On August 8 and August 12 of 2018, Mr. Remus waited in the area of Mr. Phillips' residence in an attempt to serve Mr. Phillips and was not able to perfect service of process. *Id*.

9. Plaintiff's counsel also emailed Defendant Phillips' previous attorney to see if she was going to continue to represent him and would waive service. (*See* Exhibit 2.)

10. Plaintiff's counsel mailed the complaint and a waiver of service to Defendant Phillips requesting that he waive service. (*See* Exhibit 2.) Defendant Phillips did not respond.

**ARGUMENT**

11. Rule 4(e)(1) provides that service of a summons and complaint may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (explaining that in the absence of rules for service of process set forth in the statute giving rise to the cause of action, "service of process is governed by the law of the state in which the district court is located").

12. Like federal law, the Illinois Code of Civil Procedure generally permits service on an individual "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). However, if service is "impractical" under the methods set forth in Section 2-203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1.

3

13. A motion to approve service under Section 5/2-203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt*, 321 Ill. App. 3d 360, 367 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. at 367-68.

14. A "comparable method of service" is appropriate where, as here, there is good reason to believe that the defendant is consciously and actively trying to evade service. In *In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2d Dist. 2001), the petitioner in a marriage dissolution case contended that the respondent was attempting to evade service of process and sought relief under Section 2-203.1 when the customary methods of effecting service had proven unsuccessful. The trial court issued an order authorizing service by leaving a copy of summons and petition with any two of five individuals or entities, including the respondent's mother, an employee of a corporation that the respondent controlled, and two attorneys who previously had represented the respondent.

15. In this case, despite Defendant Phillips having actual knowledge of the complaint, Plaintiff has been unable to serve the complaint on him, and efforts to reach him through his previous attorney and the mail have proved fruitless.

16. Thus, Plaintiff requires that the Court an Order pursuant to Federal Rule of

4

Civil Procedure 4(e)(1) authorizing alternative service upon Defendant John Phillips by means of (a) posting the summons and complaint upon the entry door to the apartment building in which Defendant resides, (b) mailing a copy of the summons and complaint to Defendant's residential address, (c) emailing the summons and complaint to Defendant's email address, an/or (d) by publication in the Chicago Tribune/Chicago Sun Times newspapers.

      WHEREFORE, for the above stated reasons, Plaintiff prays that this Court enter an Order authorizing Plaintiff to serve Defendant John Phillips by alternate service, and for such other relief that is just and equitable.

      Respectfully submitted,

      JANE DOE

      *s/Heidi Karr Sleper*

      One of Plaintiff's Attorneys

Dana L. Kurtz
Heidi Karr Sleper
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: (630) 323-9444
Fax: (630) 604-9444
E-mail: dkurtz@kurtzlaw.us
E-mail: hsleper@kurtzlaw.us

5

## CERTIFICATE OF MAILING

I do hereby certify that on the 12th day of September, I served a true and correct copy of the above pleading, via the Court's ECF system upon the following:

Scott Warner            Scott.Warner@Huschblackwell.com
Gwendolyn Morales       Gwendolyn.morales@huschblackwell.com

And by Electronic Mail upon the following:

John Phillips
jojohn@earthlink.net

*s/Heidi Karr Sleper*
By: _____
Heidi Karr Sleper
