**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>v.<br><br>SCHOOL OF THE ART INSTITUTE OF CHICAGO, JOHN PHILLIPS, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, and BETH WRIGHT<br><br>   Defendants. | No. 1:18-cv-04240<br><br>Honorable Andrea R. Wood<br>Magistrate Judge Daniel G. Martin |

**DEFENDANTS SCHOOL OF THE ART INSTITUTE OF CHICAGO, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, AND BETH WRIGHT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE CERTAIN ALLEGATIONS FROM COMPLAINT PURSUANT TO RULE 12(b)(1), (b)(6), and (f)**

  Defendants the School of the Art Institute of Chicago ("SAIC"), Lisa Wainwright, Amanda DaSilva, Michael Nicolai, and Beth Wright (collectively, the "SAIC Defendants")[1], by and through their counsel, submit this Motion to Dismiss Plaintiff's Complaint and to Strike Certain Allegations from Complaint Pursuant to Rules 12(b)(1), (b)(6), and (f). In support of this Motion, SAIC Defendants state as follows:

  1. Plaintiff is a former graduate student at SAIC who has filed this 15-count lawsuit alleging both federal and state law claims against the SAIC Defendants and John Phillips, a former SAIC adjunct faculty member who was terminated as a result of his misconduct in relation to Plaintiff. As explained below, Plaintiff's multi-count Complaint fails to state a claim against the SAIC Defendants under federal or state law. Indeed, Plaintiff's own allegations confirm that SAIC Defendants responded swiftly and reasonably to the circumstances known to

---

[1] This Motion is filed on behalf of the SAIC Defendants only. Defendant John Phillips is not included among the SAIC Defendants and is not represented by the SAIC Defendants' counsel.

them, including by terminating Phillips' employment in early August 2016, less than two months after Plaintiff's mother reported on June 20, 2016 that Plaintiff and Phillips were engaged in "an inappropriate sexual relationship."

2. SAIC Defendants first address the claims brought pursuant to federal law (Counts II-VI and XIV-XV) and then address the claims brought pursuant to Illinois law (Counts I and VII-XIII). With regard to the federal law claims, Counts II-VI are brought pursuant to Title IX of the Education Amendments Act of 1972 ("Title IX"), Count XIV is brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Count XV is brought pursuant to Title III of the Americans with Disabilities Act ("Title III of the ADA"). With regard to the Illinois state law law claims, Count I is brought pursuant to the Illinois Gender Violence Act, 740 ILCS 82/ *et seq.*, and Counts VII-XIII are brought pursuant to various common law tort theories.

3. Counts II-VI and XIV-XV must be dismissed against Defendants Wainwright, DaSilva, Nicolai, and Wright (collectively, "the individual SAIC Defendants") because Title IX, Title III of the ADA, and Section 504 do not provide for individual liability as a matter of law. *See Smith v. Metro. Sch. Dist. Perry Tp.*, 128 F.3d 1014, 1018 (7th Cir. 1997) (no individual liability under Title IX); *Goldberg v. Chicago Sch. for Piano Tech., NFP*, No. 14 C 1440, 2015 WL 468792, at *5 (N.D. Ill. Feb. 3, 2015) (no individual liability under Section 504); *Simenson v. Hoffman*, No. 95 C 1401, 1995 WL 631804, at *5 (N.D. Ill. Oct. 24, 1995) (no individual liability under Title III of the ADA). These federal claims against the individual SAIC Defendants also fail for the additional reasons set forth below.

3. Plaintiff's claim of intentional sex discrimination under Title IX in Count II must be dismissed because Plaintiff fails to adequately plead the requisite gender-based conduct to

allow the Court to infer that SAIC's alleged actions were motivated by gender bias. *See Ludlow v. Northwestern Univ.*, 125 F. Supp. 3d 783, 791 (N.D. Ill. 2015).

4. Plaintiff's attempt in Counts III and IV to assert lability under Title IX against SAIC based on either hostile environment or *quid pro quo* harassment fails because her own allegations demonstrate that SAIC's response to Plaintiff's mother's June 20, 2016 report was neither (a) deliberately indifferent to, nor (b) caused Plaintiff to suffer or made Plaintiff vulnerable to further acts of sexual harassment. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285, 290-91 (1998); *Doe No. 55 v. Madison Metro. Sch. Dist.*, 897 F.3d 819, 822-23 (7th Cir. 2018). In addition, if Counts III and IV are not dismissed in their entirety, these claims should be dismissed to the extent they are based on alleged conduct that occurred prior to June 18, 2016, and that is therefore outside the applicable two-year statute of limitations. *See Ludlow v. Northwestern Univ.*, 79 F. Supp. 3d 824, 832 n.2 (N.D. Ill. 2015); *Finnane v. Pentel of America, Ltd.*, 43 F. Supp. 2d 891, 897 (N.D. Ill. 1999).

5. Plaintiff's allegations in Count V that SAIC violated Title IX by failing to institute policies compliant with Title IX regulations fail because there is no private right of action to enforce the requirements of those regulations. *Gebser*, 524 U.S. at 292 (finding that "failure to promulgate a grievance procedure [did] not itself constitute 'discrimination' under Title IX")

6. Count VI fails to state a viable Title IX retaliation claim against SAIC. The Complaint is replete with allegations of "retaliation" by Phillips, but SAIC cannot be held liable under Title IX for Phillip's misconduct. *Gebser*, 524 U.S. at 285 (no *respondeat superior* liability under Title IX). Further, none of Plaintiff's alleged retaliatory actions amount to an actionable adverse action. *See Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 696

(7th Cir. 2017) ("[n]ot everything that makes [a plaintiff] unhappy is an actionable adverse action") (citations and internal quotation marks omitted). Finally, the Complaint contains no factual allegations to infer that a retaliatory motive played a substantial part in prompting any allegedly adverse action. *See Yoona Ha v. Northwestern Univ.*, No. 14 C 895, 2014 WL 5893292, at *3 (N.D. Ill. Nov. 13, 2014).

7. Plaintiff is not entitled to the money damages and injunctive relief she seeks under Title III of the ADA in Count XV. Monetary damages, including punitive damages, are not available in suits brought by private individuals to enforce Title III. *See, e.g., Goldberg*, 2015 WL 468792, at *4. Moreover, because Plaintiff complains only of past events and does not seek to return to SAIC, she lacks standing to pursue injunctive relief under Title III of the ADA. *See Filardi v. Loyola Univ.*, No. 97 C 1814, 1998 WL 111683, at *3 (N.D. Ill. Mar. 12, 1998).

8. In addition, Plaintiff fails to state a cognizable disability discrimination claim under either Title III of the ADA or Section 504 because she fails to plead any facts as to why she believes SAIC failed to take an alleged action *based on her disability*. *Gillard v. Northwestern Univ.*, No. 07 C 4208, 2008 WL 11417125, at *4 (N.D. Ill. Aug. 25, 2008). Instead, claims in Counts XIV and XV are no more than a re-assertion of her Title IX claims and therefore must be dismissed.[2]

9. Plaintiff fails to allege a viable claim in Count I against either SAIC or the individual SAIC Defendants under the Illinois Gender Violence Act, 740 ILCS 82/ *et seq*. An IGVA claim cannot be maintained against SAIC because the IGVA applies only to individuals, not to corporate entities like SAIC. *See Rosas v. Komatsu Am. Corp.*, No. 18-cv-1120, 2018 WL 3758564, at *2-4 (C.D. Ill. Aug. 8, 2018). Nor does Count I include any allegations regarding the

---

[2] In addition, punitive damages are not available in suits brought under Title III of the ADA or the Rehabilitation Act. *Goldberg*, No. 14 C 1440, 2015 WL 468792, at *5. Thus, if the Court does not dismiss these Counts in their entirety, the request for punitive damages must be stricken pursuant to Rule 12(f).

4

individual SAIC Defendants that could possibly subject them to liability under the IGVA. *See Doe ex rel. Smith v. Sobeck*, 941 F. Supp. 2d 1018, 1028 (S.D. Ill. 2013).

10. Plaintiff's seven common Illinois law tort claims in Counts VII-XIII—negligence, willful and wanton conduct, negligent infliction of emotional distress, failure to supervise, negligent retention, negligent failure to control conduct, and intentional infliction of emotional distress—fail because, as explained in more detail in the accompanying Memorandum: (a) they are barred by the applicable two-year statute of limitations; (b) regarding the individual SAIC Defendants, Plaintiff fails to allege specific actions that could plausibly amount to any of the alleged common law torts; (c) with respect to SAIC, SAIC is not vicariously liable for Phillip's actions; and (d) Plaintiff has failed to sufficiently allege any basis for direct liability against SAIC.

11. Finally, Plaintiff's claims for injunctive relief under any theory must be dismissed for lack of standing pursuant to Rule 12(b)(1) because Plaintiff fails to show "any real or immediate threat that [she] will be wronged again." *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02, 111 (1983).

WHEREFORE, for the reasons stated above and those set forth in the accompanying Memorandum, the SAIC Defendants respectfully request that this Court dismiss pursuant to Rule 12(b)(1) all of Plaintiff's claims for injunctive relief against the SAIC Defendants under Title III of the ADA, as set forth in Section IV.A, and under any theory, as set forth in Section VI. In addition, the SAIC Defendants request that the Court dismiss all of Plaintiff's claims against them in Counts I-XV in their entirety with prejudice pursuant to Rule 12(b)(6). If the Court declines to dismiss Plaintiff's requests for injunctive relief and/or Plaintiff's claims against the SAIC Defendants in full, the SAIC Defendants respectfully request that the Court strike pursuant

to Rule 12(f): (1) any time-barred allegations that are not otherwise dismissed, (2) any requests for monetary damages in Count XV if that Count is not otherwise dismissed, and (3) any request for punitive damages in Counts XIV and XV if those Counts are not otherwise dismissed.

.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/  Scott L. Warner

Scott L. Warner
Scott.Warner@Huschblackwell.com
Gwendolyn Morales (#06297233)
Gwendolyn.morales@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza
Suite 2200
Chicago, IL  60606
(312) 526-1633

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he/she caused the foregoing **DEFENDANT SCHOOL OF THE ART INSTITUTE OF CHICAGO, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, AND BETH WRIGHT'S MOTION TO DISMISS THE COMPLAINT AND TO STRIKE CERTAIN ALLEGATIONS FROM COMPLAINT PURSUANT TO RULE 12(b)(1), (b)(6), and (f)** to be filed with the Clerk of the court using the CM/ECF system, which will send electronic notification to the following counsel of record this 28th day of September, 2018:

Heidi Karr Sleper, Esq.
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone: (630) 323-9444
Fax: (630) 604-9444
Email: hsleper@kurtzlaw.us

/s/  Scott L. Warner