# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| v. | No. 18 CV 4240 |
| SCHOOL OF THE ART INSTITUTE OF CHICAGO, JOHN PHILLIPS, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, and BETH WRIGHT | Judge Andrea R. Wood |
| | Magistrate Judge Daniel G. Martin |
| Defendants. | |

## PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff, JANE DOE, through her undersigned counsel, respectfully requests this Court for an order to proceed in this matter anonymously, and in support, Plaintiff states as follows:

1. To proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

2. Although the use of anonymous names is disfavored, the test for granting such use is met here. Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." And Fed. R. Civ. Pro. 10(a) requires that pleadings contain the names of the parties. Notwithstanding these rules, "many federal courts . . . have permitted parties to proceed anonymously when

special circumstances justify secrecy." *Does I– XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1067 (9th Cir. 2000) (allowing undocumented workers to use anonymous names in Fair Labor Standards Act case.) The Seventh Circuit has identified categorical exceptions to the rule requiring parties' real names, specifically, fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Doe v. Trp Acquisition Inc.*, 2016 WL 3671505, at *2 (N.D. Ill. July 11, 2016) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

3. The Seventh Circuit has held that it is within the District Court's discretion to determine whether the circumstances of a particular case justify a departure from the general rule that parties must be identified by name. *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Court has found circumstances justifying the use of anonymous names where, as here, a plaintiff is "a likely target of retaliation by people who would learn her identity" from court filings. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

4. In deciding whether to permit a party to proceed by anonymous name, courts apply a balancing test, weighing "the possible prejudice to the opposing party from concealment" against "the harm to the plaintiff" from disclosure of his or her identity. *Id.* Here, as shown in the analysis below, the balancing analysis favors permitting Plaintiff to proceed by anonymous name.

5. In this case, Plaintiff is a particularly vulnerable party who warrants being able to proceed anonymously because she is a victim of sexual misconduct who has

brought suit against a person of influence in a specialized community (*i.e.*, prestigious art schools). This litigation involves the disclosure of stigmatizing sexual information, including details of sexual violence. Plaintiff has a real fear of being subjected to retaliation, harassment, embarrassment, and reputational harm as a result of her bringing this suit should her identity be made public. The public backlash towards women who report sexual misconduct in the era of Facebook and Twitter is frightening and dangerous. *See e.g.*, https://www.usatoday.com/story/news/nation-now/2018/09/21/christine-blasey-ford-kavanaugh-death-threats-reporting-sexual-assault/1355798002/.

6. Moreover, Plaintiff has a psychological disability including diagnoses of attention deficit/ hyperactivity disorder, anxiety, panic attacks, insomnia, impaired focus, and depression. Additionally, this litigation will involve disclosure of confidential Title IX investigatory files.

7. Plaintiff already suffered retaliation and harm to her reputation as alleged in her Complaint. (*See* Dkt. 1, ¶¶ 35, 49, 65, 73, 74, 79, 100, 109.) Moreover, Plaintiff alleges harm to her education as a result of Defendants' actions. (*See* Dkt. 1, ¶¶ 28, 36, 45, 82, 88, 96, 98, 108, 112, 127.). If there is any hope of remedying this harm, Plaintiff cannot suffer any further reputational harm among the art school community.

8. Defendants will not be prejudiced if the Court allows Plaintiff to proceed anonymously. All Defendants are aware of Plaintiff's identity and none have expressed an objection to Plaintiff proceeding anonymously. Plaintiff seeks anonymity only from public disclosure of her identity.

9. Balancing the interests of the Parties, this Court should grant Plaintiff's motion to proceed anonymously in order to protect her status as a vulnerable individual.

WHEREFORE, for the above stated reasons, Plaintiff prays that this Court enter an Order granting the Plaintiff's motion to proceed anonymously, and for such other relief that is just and equitable.

                                        Respectfully submitted,

                                        JANE DOE

                                        *s/Heidi Karr Sleper*

                                        One of Plaintiff's Attorneys

Heidi Karr Sleper
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: (630) 323-9444
Fax: (630) 604-9444
E-mail: hsleper@kurtzlaw.us

## CERTIFICATE OF MAILING

   I do hereby certify that on the 8th day of October, 2018, I served a true and correct copy of the above pleading, via the Court's ECF system upon the following:

| | |
|---|---|
| Scott Warner | Scott.Warner@Huschblackwell.com |
| Gwendolyn Morales | Gwendolyn.morales@huschblackwell.com |
| Mason Floyd | mfloyd@clarkhill.com |

            *s/Heidi Karr Sleper*
        By: _____
            Heidi Karr Sleper