THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | |
| v. | No. 18 CV 4240 |
| SCHOOL OF THE ART INSTITUTE OF CHICAGO, JOHN PHILLIPS, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, and BETH WRIGHT, | The Honorable Andrea R. Wood |
| Defendants. | |

**JOHN PHILLIPS'S RESPONSE TO
PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff filed her Complaint under the pseudonym Jane Doe and now requests that this Court allow her to proceed under that pseudonym. For the reasons stated below, Plaintiff's Motion to Proceed Anonymously ("Motion") (ECF #29) should be denied.

**I.    To Proceed Anonymously, Plaintiff Must Demonstrate Exceptional Circumstances.**

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997). To proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *Id.* "Rule 10(a) of the Federal Rules of Civil Procedure, in providing that the complaint shall give the names of all the parties to the suit..., instantiates the principle that judicial proceedings, civil as well as criminal, are to be

conducted in public." *Id*., citing *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 n.17, (1980); *Gannett Co. v. DePasquale,* 443 U.S. 368, 386 n.15, (1979). Identifying the parties to the proceeding is an important dimension of publicness. *Id*. The people have a right to know who is using their courts. *Id*.

In some situations, however, a litigant's use of a fictitious name is warranted. Fictitious names have been allowed in order to protect the privacy of children, rape victims and particularly vulnerable parties or witnesses. *Id*.

## II. Plaintiff Failed to Satisfy Her Burden in Demonstrating Exceptional Circumstances in this Case.

Plaintiff argues that she is "a vulnerable party who warrants being able to proceed anonymously because she is a victim of sexual misconduct who has brought suit against a person of influence in a specialized community (*i.e*., prestigious art schools)." ECF #29, ¶ 5. Plaintiff asserts that she has a "real fear of being subjected to retaliation, harassment, embarrassment, and reputational harm…should her identity be made public." *Id*. Plaintiff doesn't identify from whom she fears retaliation, in what form the retaliation may occur or provide any other details. Her fear of retaliation and harassment cannot be related to any of the Defendants in this matter, because, as Plaintiff avers, "[a]ll Defendants are aware of plaintiff's identity." *Id*. Additionally, while Plaintiff asserts that she has already been subject to retaliation (ECF #29, ¶ 7), the source of that alleged retaliation and harassment is already aware of Plaintiff's identity. Plaintiff has provided no factual basis from which the court could conclude that disclosure of her identity in this lawsuit would result in retaliation or harassment. *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996), citing *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987).

Two of the cases referenced in Plaintiff's Motion found fear of retaliation sufficient to allow the plaintiffs to proceed anonymously. Both are distinguishable from this matter. In *Doe*

2

*v. Trp Acquisition Inc*., No. 16 C 3635, 2016 WL 3671505, *2 (N.D. Ill. July 11, 2016), the plaintiff had filed suit against her *current* employer in response to alleged misconduct by her supervisor. The court found the plaintiff's fear of retaliation was sufficient as she was still employed by the defendant. Here, Plaintiff has no remaining connection to any of the defendants in this matter. She is no longer a student at SAIC and moved to Boston, Massachusetts. ECF #1, ¶¶ 4, 74. In *Does I-XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), foreign employees working in the garment industry in the Mariana Islands brought a Fair Labor Standards Act action against their employers using fictitious names. The Ninth Circuit Court of Appeals allowed the plaintiffs to proceed anonymously citing precedent in other FLSA cases where pseudonyms protected the plaintiffs from reprisals from their current employers and because the plaintiffs faced "greater threat[s] of retaliation than the typical [FLSA] plaintiff" including deportation, arrest, and imprisonment. *Id*. at 1068-71. Here, Plaintiff faces no such concerns.

Plaintiff also claims that this litigation "involves the disclosure of stigmatizing sexual information, including details of sexual violence." ECF #29, ¶ 5. The Seventh Circuit has held that a party's fear of embarrassment is insufficient to allow a party to proceed under a fictitious name. *See Coe v. Cty. of Cook,* 162 F.3d 491, 498 (7th Cir.1998) (party's embarrassment of past "immoral or irresponsible" behavior insufficient basis for anonymity); *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (court found John Doe's potential embarrassment to be insufficient to justify anonymity in a suit which he voluntarily brought.)

Lastly, Plaintiff states that she "has a psychological disability including diagnoses of attention deficit/hyperactivity disorder, anxiety, panic attacks, insomnia, impaired focus, and depression." ECF #29, ¶ 6. While Plaintiff's concerns related to her mental and/or emotional

3

health are to be taken seriously, the Seventh Circuit has found anonymity unjustified in similar situations. *See Blue Cross*, 112 F.3d at 872 (plaintiff's fear of disclosure of his medical and psychiatric information through litigation was insufficient to warrant the plaintiff's anonymity). The Seventh Circuit went on to state in *Blue Cross* that to make mental illness the grounds for concealing the identity of a party to a federal suit "would be to propagate the view that mental illness is shameful." *Id*. The mere statement that Plaintiff suffers from mental and/or emotional health issues is insufficient to proceed anonymously.

Plaintiff does not articulate whether it is disclosure or possible impact with which she is concerned. However, her concerns relating to her mental and/or emotional health are not symmetrical to her allegations of Phillips's mental and emotional health included in her Complaint. *See* ECF #1, ¶¶ 23, 27, 31, and 58 (where Plaintiff alleges that Phillips contemplated suicide on multiple occasions and includes details that she was shown the rope which Phillips intended to use). To the extent Plaintiff is concerned about disclosure of her health records and any relevant Title IX investigatory files, the Court may require that this material be filed under seal. Additionally, the parties have already negotiated and filed with the Court a robust protective order that requires any such material relating to Plaintiff's (or any other SAIC student's) identity to be treated as "Confidential," including protected health information. *See* ECF #31.

### III. Plaintiff's Previous Disclosures of the Subject Matter Warrant Denial of Her Motion to Proceed Anonymously.

Federal Courts have also considered other factors in determining whether to permit a party to proceed anonymously. In *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997), the court examined the extent to which the identity of the litigant had been kept confidential. That case involved a plaintiff who suffered from numerous mental health

4

issues and had filed suit against the insurance company that terminated his disability benefits. In finding that the use of a pseudonym was justified in that case, the court noted that the plaintiff took steps from the beginning of the case to maintain anonymity. Before the case was commenced, the plaintiff requested confidentiality from the defendant. The plaintiff also only revealed his conditions of mental illness to his immediately family, medical providers and his counsel.

In this case, Plaintiff has exhibited a far different approach to confidentiality. At the time that Phillips was terminated from SAIC (ECF #1, ¶ 64), Plaintiff authored public posts on Facebook naming Phillips in relation to the very subject matter in her Complaint.

"John Phillips is fired and every woman that paints at SAIC is safe from sexual targeting and violence. Twenty years in the making baby and I know y'll don't want that shit happening to you." A true and correct copy of a screenshot showing Plaintiff's Facebook posts is attached here as Exhibit 1, and filed conditionally under seal. Phillips was made aware of the post and requested that Facebook remove it. Facebook complied. However, just hours later, after recognizing that her initial post was removed, Plaintiff reposted it with the following additional commentary: "Just realized I got this post removed by Facebook for not following the community guidelines because someone reported it. There is a predator at our school if you have been preyed on by this man please come forward." *See* Exhibit 1.

Plaintiff's fear of retaliation did not stop her from alerting the Facebook community to her dislike of Phillips based on "sexual targeting and violence." Also, it is not hard to imagine that Plaintiff's Facebook posts were seen by more persons than will review any documents filed in this case.

5

Additionally, and as Plaintiff's Complaint alleges, approximately two weeks after Plaintiff posted the Facebook posts, Plaintiff filed for an emergency no contact order in the Circuit Court of Cook County. ECF #1, ¶ 70. It was initially granted, *ex parte*. Plaintiff's Complaint omits that less than two weeks later, after Phillips learned of Plaintiff's initiating a public action against him, Phillips appeared with counsel and filed his Verified Petition to Re-Hear Original Emergency No Contact Petition Pursuant to 740 ILCS 22/218.5 and Vacate Civil No Contact Order. A true and correct copy is attached as Exhibit 2, and filed conditionally under seal. Phillips's Petition was supported by his own sworn affidavit attesting that the relationship with Plaintiff was consensual and attached multiple text message conversations between him and Plaintiff and two letters authored by Plaintiff, among other things. After reviewing the evidence submitted by Phillips, the Honorable Megan E. Goldish ordered that the Civil No Contact Order be vacated and terminated and that the action be dismissed. A true and correct copy of the Civil No Contact Disposition Order entered by Judge Goldish is attached as Exhibit 3, and filed conditionally under seal. That action involved the same two litigants, the same alleged subject matter, and was conducted in a public legal forum. As a matter of law, the subjects raised in that proceeding can no longer be deemed confidential. *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002) (documents filed in public record are not confidential).

Other courts have held that if a party's true identity was revealed in separate proceedings, the request for anonymity is "effectively moot." See *Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 419 (D. Mass. 1995) (where court denied motion to proceed anonymously because plaintiff's identity was revealed in EEOC proceedings and Massachusetts Commission Against Discrimination proceedings); *Doe v. University of Rhode Island*, No. 93-0560B, 1993 WL 667341 (D.R.I. Dec. 28, 1993) (plaintiff not permitted to proceed under

6

pseudonym despite compelling reasons because plaintiff's identity was known due to prior litigation over same events); and *Doe v. World of Life Fellowship, Inc.*, No. 11-40077-TSH, 2011 WL 2968912, * 1 (D. Mass July 18, 2011) (where defendant's motion to proceed anonymously was denied as moot, in part, because plaintiff had disclosed defendant's identity to law enforcement previously).

## IV. Additional Considerations Signal that this is not a Case for Anonymity.

There are some very real considerations of fairness and practicality that this Court ought to also consider. The United States District Court for the Southern District of New York outlined such considerations in *Shakur*, 164 F.R.D. 359. In that case, the plaintiff, a victim of sexual assault, brought a suit for civil damages under a pseudonym. The defendants in *Shakur*, unlike any defendant in this matter, had previously been found guilty of criminal sexual abuse following a jury trial. Two weeks after the defendants had been sentenced, the plaintiff initiated a civil suit under the pseudonym "Jane Doe." The court noted that although the plaintiff had "very legitimate privacy concerns," those concerns were outweighed by the following considerations:

First, Plaintiff chose to bring the lawsuit. She made serious charges and put her credibility in issue. Fairness required that she be prepared to stand behind her charges publicly. *Id.* at 361.

Second, the defendants had been publicly accused. If Plaintiff were permitted to prosecute the case anonymously, the defendants would be placed at a serious disadvantage, for they would have been required to defend themselves publicly while Plaintiff could make her accusations from behind a cloak of anonymity. *Id. citing Southern Methodist Univ. Ass'n of Women Law Students,* 599 F.2d 707, 713 (5th Cir. 1979) (Because "the mere filing of a civil

7

action against ... private parties may cause damage to their good names and reputation," "[b]asic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names.") (other internal citations omitted).

Finally, the public has a right of access to the courts. Indeed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361 (internal citations omitted).

All of those same considerations are present in this matter. If Plaintiff desires to proceed with this lawsuit, she should do so under her true identity. She has not demonstrated that this is an exceptional case in which a compelling need exists to protect an important safety or privacy interest. As a result, Plaintiff's Motion to Proceed Anonymously (ECF #29) should be denied.

Date:   October 18, 2018                    Respectfully submitted,

                                            JOHN T. PHILLIPS

                                    By:     /s/ Mason N. Floyd
                                            One of His Attorneys

Mason N. Floyd (6282874)
Timothy R. Herman (6301721)
Maureen J. Moody (6327343)
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, Illinois  60601
Telephone (312) 985-5900
E-mail: MFloyd@ClarkHill.com
E-mail: THerman@ClarkHill.com
E-mail: MMoody@ClarkHill.com

# CERTIFICATE OF SERVICE

I, Laura Stephens, a non-attorney, hereby certifies that I caused the foregoing document to be served upon all counsel of record via electronic notification by the Court's CM/ECF system and via U.S. Mail on this 18th day of October, 2018

/s/Laura Stephens