UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCHOOL OF THE ART INSTITUTE OF CHICAGO, JOHN PHILLIPS, LISA WAINWRIGHT, AMANDA DASILVA, MICHAEL NICOLAI, and BETH WRIGHT<br><br>　　　　Defendants. | No.　18 CV 4240<br><br>Judge Andrea R. Wood |

**PLAINTIFF'S RESPONSE TO JOHN PHILLIPS'
MOTION TO DISMISS**

Plaintiff, JANE DOE, through her undersigned counsel, respectfully responds to the Defendant John Phillips' Motion to Dismiss as follows:

**MOTION TO DISMISS STANDARD**

"In ruling on a motion to dismiss for failure to state a claim, the court will dismiss a claim only where 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Peck v. W. Aurora Sch. Dist. 129*, No. 06 C 1153, 2006 WL 2579678, at *2 (N.D. Ill. Aug. 30, 2006) (internal citation omitted). "The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff." *Id.* (internal citation omitted). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Id.* (*citing Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990)). "One pleads 'claims' (which is to say, grievances) rather than legal theories and factual specifics . . . . [and] an obligation to allege some matter in a complaint does not entail an obligation to 'establish' that issue at the pleading stage." *Id.* (internal citation omitted); *U.S. Bank v. Bd. of Educ. of E. Maine Sch. Dist. No. 63*, No. 07 C 1075, 2007 WL 1455782, at *1 (N.D. Ill. May 16, 2007) (*citing See Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)

(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). "To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief...." *Peck*, 2006 WL 2579678, at *2 (internal citations omitted). "Factual allegations are accepted as true and need only give "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (internal citations omitted). "The plaintiff need not allege all of the facts involved in the claim and can plead conclusions." *U.S. Bank*, 2007 WL 1455782, at *1 (internal citation omitted). "[A]ny conclusions pled must "provide the defendant with at least minimal notice of the claim," and the Seventh Circuit has explained that "'[o]ne pleads a 'claim for relief' by briefly describing the events.'" *Id.* (internal citations omitted). "Federal notice pleading standards apply to state claims proceeding in federal court." *Peck*, 2006 WL 2579678, at *2 (internal citations omitted).

Defendant's motion to dismiss must be denied for the following reasons.

**ARGUMENT**

**I.    Plaintiff's Allegations in Counts II-VI and XIV-XV are Specific to Defendant School of the Art Institute of Chicago**

Plaintiff's complaint is specific that liability for her Title IX and ADA claims rest with Defendant School of the Art Institute of Chicago. *See* Dkt. 1, ¶¶ 94, 95, 99, 102, 110, 116-119, 125, 128-130, 135, 193-197, 202-205. However, Plaintiff does not object to clarifying that liability for Counts II-VI and XIV-XV is limited to the Defendant School of the Art Institute of Chicago. However, the Institute acts through its officers and employees including Defendant Phillips individually. Thus the conduct alleged against Defendant Phillips is relevant to the liability of the SAIC. *See e.g., Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 75, 106 S. Ct. 2399, 2409, 91 L. Ed. 2d 49 (1986) (J. Marshall concurrence) ("An employer can act only through individual supervisors and employees...."); *Haltek v. Vill. of Park Forest*, 864 F. Supp. 802, 805 (N.D. Ill. 1994) ("Both Title VII

2

and the ADA incorporate any agent into the definition of employer to underscore the notion that the employer is to have some derivative liability for the deliberate discriminatory acts of its designated agent employees. Thus, when a plaintiff sues such a supervisory employee it is the equivalent of suing the company because the acts of the agent, in his or her official employment capacity, are the acts of the company.") (internal citations omitted). Therefore, Plaintiff does not object to the dismissal of Counts II-VI and XIV-XV against Defendant Phillips.

II. **Negligence Claims**

As to Count XI, Negligence, Defendant Phillips has a common-law duty to Plaintiff to take reasonable care to avoid injuring her. *See Cuyler v. United States*, 362 F.3d 949, 953 (7th Cir. 2004). Defendant Phillips' duty is not diminished because SAIC simultaneously owes Plaintiff a duty. *See Cochran v. Great Atl. & Pac. Tea Co.*, 203 Ill. App. 3d 935, 938 (5th Dist. 1990) ("There is no doctrine of "partial duty." Duty either exists or does not, and if it does, it is not diminished in any way because someone else simultaneously owes a like duty."); *see also Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 515 (7th Cir. 2010) (duty to protect against own conduct.) Plaintiff alleges sufficient facts through-out the complaint to assert that Defendant Phillips breached his common-law duty by assaulting Plaintiff and causing her harm. *See* Dkt. 1, *generally; see also* Count I, Count VII, Count X. Therefore, Defendant Phillips' motion to dismiss Count XI should be denied.

Plaintiff does not object to clarifying that liability for Counts IX, XII-XIII does not extend to Defendant Phillips.

III. **Willful and Wanton Claim**

For the reasons set forth in Section II, Defendant Phillips' motion to dismiss Count VIII should be denied. "To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Doe v. Dimovski*, 336 Ill. App. 3d 292, 299 (2nd Dist. 2003). As stated above, Defendant

3

Phillips has a common law duty to take reasonable care to avoid injuring Plaintiff and violated that duty as set forth in the operative facts of the Complaint. *See* Dkt. 1, *generally; see also* Count I, Count VII, Count X. Plaintiff alleges that Defendant Phillips acted with deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. *See e.g.*, Dkt. 1, ¶ 22-35, 44, 47-48, 54, 84-87, 139. Therefore, Plaintiff has sufficiently alleged willful and wanton misconduct against Defendant Phillips. At this stage of the litigation, Plaintiff has provided sufficient allegations to put Defendant Phillips on notice of the claims. Therefore, Defendant Phillips' motion to dismiss should be denied.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss for all the reasons stated herein, and for such other relief as is just and equitable.

Respectfully submitted,

**s/Heidi Karr Sleper**

JANE DOE

Heidi Karr Sleper (ARDC# 6287421)
Kurtz Law. Offices, Ltd.
32 Blaine Street
Hinsdale, IL 60521
Phone: 630.323.9444
E-mail: hsleper@kurtzlaw.us

## **CERTIFICATE OF SERVICE**

      I, Heidi Karr Sleper, an attorney, hereby certify that I caused the foregoing document to be served upon the following counsel of record, via electronic notification by the Court's CM/ECF system on this 5th day of December 2018.

| | |
|---|---|
| Scott Warner | Scott.Warner@Huschblackwell.com |
| Gwendolyn Morales | Gwendolyn.morales@huschblackwell.com |
| Mason Floyd | mfloyd@clarkhill.com |
| Timothy R. Herman | THerman@ClarkHill.com |
| Maureen J. Moody | MMoody@ClarkHill.com |

                                 ***s/Heidi Karr Sleper***
                  By: _____
                                  Heidi Karr Sleper